FILED
;SUPERIOR COURT
OF GUAM

2019 JUN 27 PM 1:51

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0737-18 |
| | ) | |
| vs. | ) | **DECISION & ORDER** |
| | ) | (Motion for Acquittal) |
| JOSHUA BRANDON PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 28, 2019, on Defendant Joshua Brandon Perez's ("Perez") Motion for Acquittal following his conviction at trial. Perez was present and represented by Attorney Stephen P. Hattori. Assistant Attorney General Matthew Phelps represented the People of Guam ("People"). Having considered the arguments of the parties, the record and the law relevant to the determination of the motion, the Court now issues this Decision and Order **DENYING** Perez's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted on December 18, 2018, on one count of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) and one count of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Indictment (Dec. 18, 2018). Both charges were accompanied by a Notice: Commission of a Felony While on Felony Release. *Id.*

On February 19, 2019, a jury of twelve returned a guilty verdict for the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Verdict Form Two (Feb. 19, 2019).[1] On February 28, 2019, Perez filed a Motion for Acquittal, arguing that the evidence adduced at trial was insufficient to sustain a conviction. The

---

[1] Perez was found not guilty of the first charge relating to intent to distribute.

People filed an Opposition on March 11, 2019. A Motion Hearing was held on May 28, 2019, and the Court thereafter took this matter under advisement.

<u>**LAW AND DISCUSSION**</u>

a. <u>**Legal standard for judgment of acquittal.**</u>

Under Guam law, the Court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment ... if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 G.C.A. § 100.10. The Court will review the evidence presented against the defendant in a light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Quinata*, 1999 Guam 6 ¶ 9. The Court "is concerned with the existence or nonexistence of evidence, not its weight." *People v. Song*, 2012 Guam 21 ¶ 29. Accordingly, the Court "should grant a motion for judgment of acquittal when the evidence merely raises a suspicion that the accused is guilty. However, if there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, ... the case was properly submitted to the jury." *Id.* (internal citation and quotation marks omitted).

b. <u>**Circumstantial evidence existed to corroborate the results of the presumptive field test.**</u>

The Guam Supreme Court has stated that a field test alone is insufficient to prove beyond a reasonable doubt that a defendant possessed a controlled substance. "We agree with Mateo that if these field tests were the only evidence that the People relied upon to prove that he possessed a controlled substance, this would not establish guilt beyond a reasonable doubt. But that is not the case. There was considerable circumstantial evidence of Mateo's guilt, and the presumptively positive field tests—though not conclusive—were certainly corroborative of Mateo's possession of a controlled substance." *People v. Mateo*, 2017 Guam 22 ¶ 37.

In the present case, as in *Mateo*, the methamphetamines were tested by a field test but not by a laboratory test. However, the search of Perez's vehicle revealed considerable circumstantial evidence of drug possession. The officers conducting the search found four heat-modified glass pipes, one plastic pipe, a digital scale, plastic baggies, and a book entitled "Secrets of Methamphetamine Manufacture: Including Recipes for MDA, Ecstasy, and Other Psychedelic Amphetamines." All of these items were presented to the jury and the officers who conducted the search testified to having found these items in Perez's vehicle. Because the jury

was presented with substantial corroborating evidence to support Perez's possession of a controlled substance, the Court finds that Perez's argument fails.

### c. Testimony was presented to demonstrate that methamphetamine is an amphetamine-based substance.

Perez next argues that there was insufficient evidence to prove that methamphetamine is a Schedule II Controlled Substance under Guam law. Mot. for Acquittal at 4 (Feb. 28, 2019). The Indictment states that Perez "did commit the offense of Possession of a Schedule II Controlled Substance (As a Third Degree Felony), in that he did unlawfully and knowingly possess a Schedule II controlled substance, that is, an amphetamine-based substance, in violation of 9 GCA §§ 67.401.2(a) and (b)(1). Perez argues that no evidence was presented to explain the relationship between methamphetamines and amphetamines. Mot. for Acquittal at 3.

The People argue that reasonable inferences could be drawn based on the names of the substances – that meth**amphetamine** is an **amphetamine**-based substance (bolded for emphasis). Based on persuasive case law, the Court disagrees with the People's contention that the jury can make such an inference without additional evidence.

In *People v. Davis*, 57 Cal.4th 353, 356 (Cal. 2013), the defendant was charged with possession of 3, 4-MDMA, a substance not specifically listed as a controlled substance. The jury was only given the scientific name of MDMA (methylenedioxymethamphetamine) and was not presented with expert testimony as to whether MDMA met the definition of a controlled substance or analog. *Id.* at 360. The Supreme Court of California overturned Davis's conviction, holding that there was insufficient evidence that MDMA was a controlled substance. The court also rejected the argument that the jury could rely on common knowledge or common sense that MDMA contained methamphetamine because it was included in the scientific name. *Id.* "Because it is not specifically listed in any schedule, evidence of MDMA's chemical name, standing alone, is insufficient to prove that it contains a controlled substance or meets the definition of an analog." *Id.* at 361. However, the *Davis* court found that a "jury may find that MDMA is a controlled substance or analog based on *evidence* of MDMA's chemical composition or its effects on the user." *Id.* at 359 (emphasis in original).

In the present case, the Court finds that the jury did not rely solely on common knowledge or common sense to determine that methamphetamine is an amphetamine-based

substance, but also relied on the book found in Perez's car, which explains the relationship between the two substances. The book, which the People admitted into evidence, is titled "Secrets of Methamphetamine Manufacture: Including Recipes for MDA, Ecstasy, and other Psychedelic Amphetamines." The title of this book suggests that methamphetamines (as well as MDA and ecstasy) are included within the group of drugs called "psychedelic amphetamines." This book provided evidence from which the jury could infer that methamphetamines were a derivative of amphetamines, and therefore supports an affirmation of the jury's verdict under *Davis*. The Court is not tasked with weighing the strength of the evidence presented, but is only concerned with the existence of evidence to support the People's argument that methamphetamine is an amphetamine-based substance. *Song*, 2012 Guam 21 ¶ 29; *Davis*, 57 Cal.4th 353, 361. The Court finds that the book found in Perez's car constitutes such evidence.

While the Court agrees with Perez's contention that the jury could not have found him guilty without any evidence that methamphetamine is an amphetamine-based substance. However, the Court finds that such evidence was properly presented to the jury. Therefore, Perez's argument fails.

**CONCLUSION**

Based upon the evidence that was introduced during the People's Case in Chief and interpreting this evidence in the light most favorable to the People and drawing every reasonable inference from the evidence in favor of the People, a rational trier of fact could have found that Perez was guilty of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Consequently, Perez's Motion for Judgment of Acquittal is **DENIED.**

**SO ORDERED** ___6/27/19___.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG, PDSC

Date: 6/27/19 Time: 2:00 pm

Antonio Cruz

Deputy Clerk, Superior Court of Guam

_____

The Honorable Anita A. Sukola

Judge, Superior Court of Guam